In re HOLSTEIN.

(District Court, D. Connecticut. April 11, 1902.)

No. 707.

BANKRUPTCY—REFUSING DISCHARGE—FRAUD.

An insolvent retail merchant, who, immediately on receipt of goods, sells them at wholesale, and turns the larger part of the proceeds over to a friend, whom he says he owed, but of which there is no documentary evidence, and fails to enter the check on his check book, should be refused a discharge in bankruptcy for concealment of assets.

In Bankruptcy.

The following is the report of the referee upon petition for discharge:

I, Henry G. Newton, referee in bankruptcy for the New Haven county district of the district of Connecticut, to whom the above-entitled case was referred under the act of congress-relating to bankruptcy, do hereby certify: That the above-named Harry Holstein, of New Haven, Connecticut, was duly adjudicated a bankrupt herein on August 12, 1901. That the petition of the bankrupt for a discharge in bankruptcy from all his debts was duly filed with the clerk of said court on September 16, 1901, and was duly referred to me by said court for further proceedings. That on September 18th I fixed the 2d day of October, 1901, at 12 m., at my office, room 7, No. 818 Chapel street, New Haven, Connecticut, as the time and place for a hearing on said petition for a discharge, for examining the bankrupt, and for showing cause, if any, why such discharge should not be granted; and on September 20, 1901, I gave due notice thereof to all creditors whose names appear upon the schedules of the bankrupt, to all attorneys who appear in the case, and to all persons interested, by mailing and publishing, as appears by my certificate, with copy of notice, hereto annexed. That William H. Ely appeared at the hearing on the discharge to oppose on the part of S. D. Veits & Co., of Springfield, Massachusetts; his written specifications of the grounds of objection to the granting of the discharge being filed on October 11 and argued on October 28, 1901. The objections to the discharge were, in substance: (1) Concealing and failing to keep books of account; (2) paying $350 to Charles Rosenstein in trust for the bankrupt, and failing to enter the transaction on his books; (3) disposing of a driving horse and vehicle immediately before the filing of his petition in bankruptcy, without any legal transfer, and without entering the transaction upon the books. The total indebtedness of the bankrupt, as appears by his schedules, is $2,064.90. It was agreed upon the hearing that the case should be heard and decided upon evidence taken upon a former examination and hearing. The schedules in bankruptcy were dated August 10, 1901, and filed August 12, 1901. Mr. Holstein, the bankrupt, has been engaged in the business of dealing in feed, hay, and oats at retail. On July 27, 1901, he ordered of S. D. Veits & Co., the creditor objecting to his discharge, a cargo of oats, the price being $594.38. These oats were received on or about August 6th, and the cargo was immediately sold at wholesale by the bankrupt for a price slightly less than the price paid by him; but, as stated by him, at a price slightly in advance of the ruling market rate. Of the money received for the sale of the cargo of oats he deposited in bank on August 6th, $500; and on August 7th he made a further deposit of $96.69,—$596.69. He paid checks as follows: On August 6th, to the N. Y., N. H. & H. R. R. Co., $75.19, for freight on the cargo mentioned. The First National Bank, where he kept his account, charged against his account a draft of $176.17, which had been accepted by him 30 days previously. A check of August 5th to R. Sanford, for $80, was paid by the bank on August 7th. On August 7th he paid Charles Rosenstein the $350, and on August 8th to Abner Hendee, a bona fide creditor, $74.54, which exhausted his bank account within 35 cents. On his check book the stubs are not filled out for a payment of $72.19, a part of the $75.19 paid to the railroad company, or for the ones to Rosenstein and Hendee. The bankrupt did not, at any other time during the course of his business,

sell at wholesale a cargo of oats. His journal shows various charges and receipts on August 5th and August 6th and August 7th. No entry of his purchases or indebtedness appears anywhere upon his books. His testimony was that he simply made charges upon his books of goods sold, and trusted to the bills to know his indebtedness for goods purchased. Bankrupt testified that the $350 paid to Charles Rosenstein was on account of a debt which he owed him for borrowed money. Charles Rosenstein was not called by either side. No written entry of any kind was offered in corroboration of this indebtedness, and there is no written entry in regard to the Rosenstein matter upon the books of the bankrupt, nor concerning the horse and wagon. The principal question in this case is the good faith of the payment to Rosenstein, and whether the failure to note the check to him upon the book was for the purpose of concealing the payment. There is no claim as to any other payment proved to have been made, that it was fraudulent. Bankrupt testified that he sold the horse and wagon about two weeks before making the assignment in bankruptcy for $110, of which $10 was paid in cash and the balance paid by check, which was deposited in bank. No specific deposit of $100 appears upon the books, although, within two weeks there is a deposit of $120.50, which might possibly contain the $100 check. I find this objection as to horse and wagon not sustained. The question here largely turns upon the credit which ought to be given the testimony of the bankrupt. In my opinion, a sale in bulk by an insolvent retail merchant of a cargo of oats for somewhere about $600, the deposit of $500 of the money in bank, and the using of the larger part of it, other than that needed to pay the freight, for the payment of a personal debt to a friend, is not a transaction which should be looked upon with favor, and does not entitle the doer of it to credit. Except for the payment to Abner Hendee and Mr. Sanford about that time, I should not hesitate to say that the testimony ought to be discredited. It has before been reported by me, and affirmed by this court, that the obtaining of money by the sale of goods and paying it out, not in the ordinary course of business, but to a personal friend, throws the burden of proof that the transaction was fair strongly against the bankrupt. In the absence of any documentary evidence of the debt, or of any corroborative evidence whatever, in my judgment it ought to be found that the $350 was paid to Rosenstein on a concealed trust, and that the failure to enter the check upon the stub of the check book was for the purpose of concealing the true state of his affairs from his creditors in bankruptcy; and, solely from the evidence above stated. I find and report, unless the court shall be of the opinion that the facts in evidence do not sustain the finding, that the bankrupt has concealed $350, and has failed to enter the check upon his check book, with the intent to conceal from his creditors the true condition of his affairs. It may be proper to add that the failure to enter checks, and the failure to correctly state transactions on the schedules, have been repeatedly found, in other cases, not to militate against the granting of a discharge, no fraudulent intent being found. In my judgment, it would be a reproach upon the law if an insolvent retail merchant could obtain money by the sale of goods at wholesale immediately upon their receipt, and turn the bulk of it over to one who is not a business creditor, and, by his simple statement that he owed the recipient, exonerate himself from blame, and obtain a discharge from the debt. While the debt to Veits & Co. may not have been incurred by false pretenses, so as to render a discharge invalid against that particular creditor, it is a debt which ought not to be discharged in bankruptcy unless the court is absolutely forced to grant such a discharge. I therefore find from the facts and evidence, and for the reasons stated above recommend. that the discharge be refused.

Simon H. Kugel, for bankrupt.
Wm. H. Ely, for opposing creditor.

PLATT, District Judge. I am entirely in accord with the referee in his opinion upon the facts presented. His report is accepted, and the discharge is refused.